# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

IN RE:   WILLIAM JACKSON
                    DEBTOR          Case No. 14-39770
                                     Chapter 13
         WILLIAM JACKSON              Adv. No. 14-00857
                    PLAINTIFF
         vs.
         SETERUS, INC.
                    DEFENDANT

## CONSENT JUDGMENT

THIS CAUSE coming on to be heard on Plaintiff's Adversary Complaint to Determine the Value of Security, the Court having jurisdiction over the parties and the subject matter and being duly advised on the premises, due notice being given to all the parties entitled thereto

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. That SETERUS, Inc. (hereinafter referred to as "Creditor") has a secured mortgage lien on the property commonly known as 3857 W. Grenshaw Street, Chicago, Illinois 60624 (hereinafter referred to as "Subject Property");

2. That the Debtor and the Creditor agree that the secured valuation of the subject property is $36,000. That the balance of Creditor's claim over and above the amount listed in Section E.3.1 of the most recently filed plan shall be paid as an allowed general unsecured claim even if the claim is filed after the claim filing deadlines and notwithstanding anything in the confirmed plan to the contrary, and shall be discharged upon the completion of Debtors' plan and entry of a chapter 13 discharge order pursuant to 11 U.S.C. §1328(a);

3. The Debtor shall pay to the Creditor interest on the $36,000.00 at 5.25% for the duration of the bankruptcy;

4. That Debtor shall keep the Subject Property fully insured for the pendency of the bankruptcy;

5. That Debtor shall pay all real property taxes on the Subject Property as and when they come due and owing;

6. That if Creditor does not execute and deliver to the Debtor any termination statement, or other document that is or may be required to by law to release and discharge Creditor's mortgage lien, then Debtor shall be permitted to use this entered judgment along with the entered chapter 13 discharge order as authorization for termination and release of Creditor's mortgage lien;

7. That if the related bankruptcy case is dismissed or converted, or if Creditor obtains relief from the automatic stay, then Creditor's claim shall revert to a secured claim under applicable non-bankruptcy law.

DATED: 2/3/15

FEB 03 2015

ENTER:

_____
UNITED STATES BANKRUPTCY JUDGE

/s/ _Christopher Brown_
Attorney for Creditor/Defendant

/s/ _Nathan C. Volheim_
Attorney for Debtor/Plaintiff